IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR.; BRUCE DENNY; DAVID McQUEEN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> JESSIE SLAUGHTER, et al., <br><br> Defendants. | Cause No. CV 20-45-GF-SPW <br><br><br> ORDER |

**I. Background**

Plaintiffs Fourstar, Denny, and McQueen, and a fourth individual named Verdelotti filed a complaint on January 6, 2020. *See Fourstar v. Wolf Point City Police Dep't, et al.*, No. CV 20-01-GF-BMM-JTJ (D. Mont. Jan. 6, 2020).

On June 1, 2020, United States Magistrate Judge Timothy J. Cavan found that Claim 2 of the Complaint was improperly joined with Claims 1 and 3. Claim 2 was severed, *see* Order (Doc. 1-1) at 4–6, and now serves as the complaint in this action, *see* Compl. (Doc. 1). It named Fourstar, Denny, and McQueen as plaintiffs and Cascade County and Jessie Slaughter as defendants.

On June 2, 2020, the clerk mailed a "Notice of Case Opening" to each of the four plaintiffs. Each was therefore advised of the need to inform the clerk of any

1

change of address. *See* Notice of Case Opening (Doc. 3) at 2. Mail directed to Plaintiff Denny was returned as undeliverable but remailed to him at an address received from the United States Probation Office. *See* Docket Entry (Doc. 4).

On October 2, 2020, Judge Cavan ordered that either Plaintiffs Denny and McQueen must each move to proceed in forma pauperis, or the three plaintiffs together must pay the full filing fee of $400.00. *See* Order (Doc. 8) at 1–2. The clerk served the order on each plaintiff at his last reported address.

Because Fourstar moved to proceed in forma pauperis, and anticipating Denny and McQueen might, Judge Cavan advised all three plaintiffs that the complaint failed to state a claim on which relief may be granted. *See* Order (Doc. 8) at 2 (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). He explained that the complaint failed to allege facts to support its conclusory allegations that plaintiffs were deprived of various rights. *See id.* at 2–3. He also briefly explained that, as there is no *respondeat superior* liability under 42 U.S.C. § 1983, specific allegations are required to show that the existence of a municipal policy, custom, or practice caused or contributed to causing a violation of a plaintiff's constitutional rights. *See id.* at 3–4. Judge Cavan concluded:

> In sum, the amended complaint must consist of short, plain statements telling the Court: (1) the rights each plaintiff believes were violated; (2) the name, if known, of the defendant(s) who violated the rights; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant caused or contributed to causing the violation of each plaintiff's rights; (5) when the alleged actions took

2

place; and (6) what injury each plaintiff suffered because of that defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 370–71, 377 (1976).

Order (Doc. 8) at 5 (emphasis in original). A deadline of October 30, 2020 was set for filing of an amended complaint. *See id.* at 6 ¶ 3.

On October 21, 2020, Plaintiff Fourstar moved for an extension of time to respond. He stated that he expected to be transferred to another location and that his attempts to contact Plaintiffs Denny and McQueen had so far been unsuccessful. *See* Pl. Fourstar Mot. for Extension (Doc. 9) at 1–2.

On December 28, 2020, Fourstar asked the Court to reconsider its ruling on his motion to proceed in forma pauperis—a motion that had not been ruled on—and filed a second motion to proceed in forma pauperis. *See* Mot. to Reconsider and to Proceed (Docs. 12, 13). He also filed an amended complaint (Doc. 14).

## II. The Amended Complaint

Far from correcting the deficiencies of the original complaint, the amended complaint magnifies them.

In the original complaint, Fourstar, Denny, and McQueen alleged unconstitutional conditions of confinement and other violations arising from one or more periods of detention at the Cascade County Detention Facility between 2017 and 2019. In particular, they contended they were subject to overcrowding and "always required to sleep on the floor in the dayrooms." *See id.* at 3–4. Plaintiffs

3

alleged deprivation of "medical care, mental health care, dental care, [and] legal law library access," Compl. at 3, and denial of their "right to non-disparate access to medical care, mental health care, dental care, right to access law library, [and] confidential communications with their attorneys (telephone, visits, in-coming and out-going legal mail)," *id*. at 4. They were required to allege facts to support these conclusory allegations.

The amended complaint is signed by Fourstar and by 24 other prisoners—though not by Denny or McQueen. It names at least 39 defendants. It asserts that all plaintiffs share two characteristics. They are prisoners— "a mixture of federal civil commitments and supervised release violators and pretrial detainees . . . probation and parole violators, pretrial detainees, civil commitments from different jurisdictions" with "similar disabilities and deprivations and circumstances." And they believe they have been deprived of rights "under the 1st, 4th, 5th, 6th, 8th, and 14th Amendments of U.S. and State[1] Constitutions; state, federal, and tribal statutes; and similar state, federal, tribal-Indian treaties, contracts, and agreements." Am. Compl. at 13.

Defendants, likewise, are "a mixture of city, county, state and federal and privately run prison employees," including, for example, United States District Judge Dana Christensen and Montana District Judge Elizabeth Best, who failed to

---

[1] The Montana Constitution does not contain such amendments.

4

provide "compelling necessary" screening and treatment for COVID-19, hepatitis C, diabetes, and "other," *id.* at 13, including tuberculosis, bronchitis, asthma, and "other," *id.* at 16. It also objects to "unnecessary . . . quarantines" and "false COVID-19 safety restrictions." *Id.* at 19. The pleading fails to explain what screening or treatment, if any, is provided, and fails to explain why it is so deficient as to violate the Constitution. A cluster of conclusory allegations, *see id.* at 13, 15, 16–17, expands the list of alleged violations without providing factual support for them.

### III. Conclusion

To the extent the amended complaint addresses the allegations of the original complaint at all, it fails to link specific defendants' acts or failures to act on specific occasions to an injury even one plaintiff suffered as a result of that act or failure to act. As the amended complaint fails to cure the defects of the original pleading, this case will be dismissed.[2]

To the extent new plaintiffs believe they have commenced a new suit, however, the Court will give them an opportunity to state their intent to proceed.

---

[2] The Court notes that Fourstar currently has three other actions pending in this Court in which he makes allegations similar to some of those in the amended complaint. *See, e.g.*, Compl. (Doc. 2) at 17–22, *Fourstar v. Bludworth*, No. CV 20-81-GF-SPW (D. Mont. compl. filed Sept. 14, 2020); Compl. (Doc. 2) at 13, *Fourstar v. Berkebile*, CV 20-99-GF-SPW (D. Mont. compl. filed Oct. 15, 2020); Am. Compl. (Doc. 11) at 10, 13, *Fourstar v. Billings Pre-Release Center Alpha House*, No. CV 20-73-BLG-SPW (D. Mont. am. compl. filed Dec. 28, 2020). He need not be granted license to repeat the same allegations again in this case.

As to each new plaintiff who responds to this order, the Court will provide some additional guidance about the defects of the current pleading and allow an opportunity to file an amended pleading.

Accordingly, IT IS ORDERED:

1. With respect to only the new plaintiffs listed on page 14 of the Amended Complaint:

   (a) The clerk will open a miscellaneous civil file under the caption "In re Paul Red Eagle" and will file this Order as the first document and the Amended Complaint (Doc. 14) as the second.

   (b) Other than Plaintiffs Fourstar, Denny, and McQueen, each Plaintiff who wishes to proceed with one or more claims in the Amended Complaint must notify the Court on or before **February 26, 2021**.

   (c) When the time to respond has expired, the Court will review the responses and determine how to proceed.

   (d) The clerk is directed to serve each plaintiff at the facility identified at page 14 of the Amended Complaint, except that no plaintiff need be served at "Wyoming detention facilities."

   (e) The clerk will include a copy of the Amended Complaint (Doc. 14) with each plaintiff's service copy of this Order.

2. As to this action, the amended complaint (Doc. 14) is STRICKEN as it fails to cure the defects of the original complaint.

3. Plaintiffs Denny and McQueen are DISMISSED for failure to pay the filing fee or move to proceed in forma pauperis.

4. The complaint in this case (Doc. 1) is DISMISSED WITH PREJUDICE

6

for failure to state a claim.

5. Fourstar's motions to proceed in forma pauperis (Docs. 2, 13), for extension of time (Doc. 9), and for reconsideration of his motion to proceed in forma pauperis (Doc. 12) are DENIED AS MOOT.

6. The clerk will enter, by separate document, a judgment of dismissal without prejudice as to Denny and McQueen and with prejudice as to Fourstar.

7. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Fourstar's filing of this action counts as one strike against him.

DATED this 5th day of February, 2021.

*Susan P. Watters*
Susan P. Watters
United States District Court